UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEFFREY TRASK, JR, | ) |
| Plaintiff, | ) Case: 2:23-cv-02098 |
| v. | ) |
| MONICAL'S PIZZA, | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Plaintiff, Jeffrey Trask, Jr. ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Monical's Pizza ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000e *et seq*. ("Title VII") to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of race discrimination and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (attached hereto as Exhibit "A").

6. Notification of the Right to Sue was issued by the EEOC. (attached hereto as Exhibit "B").

7. The Original Complaint was filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## THE PARTIES

8. The Plaintiff (African American) was hired by Defendant as a delivery driver, cook, and dishwasher on May 30, 2022.

9. Defendant's address is listed as 909 18th Street, Charleston, Illinois 61920.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

12. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

13. The Plaintiff was subjected to discrimination and retaliation on the basis of his race (African American).

14. The Plaintiff is an African-American male.

15. The Plaintiff has been subjected to different treatment than similarly situated individuals not in Plaintiff's protected class.

16. The Plaintiff was hired by Defendant as a delivery driver, cook, and dishwasher on May 30, 2022.

17. Immediately after starting, Plaintiff's supervisor "Kaci" put Plaintiff to work with Tony (Caucasian) and Josh (Caucasian), Plaintiff received no training but was assured Josh and Tony would help bring him up to speed.

18. Two weeks later, Kaci reprimanded Plaintiff for his performance on his first weekend (Memorial Day Weekend, a traditionally busy weekend). When pressed why he received a write up without being properly trained, Kaci stated it was not an official write up and just a warning, however, when pressed further, Kaci admitted it was an official write up.

19. Plaintiff was the only employee that received a write up for that weekend.

20. On June 22, 2022, Plaintiff requested to leave early, at 7:00pm. Plaintiff was instructed he could not and was required to continue washing dishes, even while Josh leaves at 7:00pm every night.

21. On June 30, 2022, Plaintiff was instructed to purchase cinnamon for Defendant, however, when Plaintiff returned Kaci informed Plaintiff that he owed the store money. Plaintiff

was perplexed, and attempted to show Kaci she was wrong, however she refused to listen. The next day, Plaintiff was partially refunded and degradingly told to "be more careful." Plaintiff was then made to do the dishes.

22. On or around July 2, 2022, Plaintiff arrived at work and noticed the prep was not done from the night before. Plaintiff asked Kaci who was on prep, and was greeted with a curt response of "Why the attitude." Plaintiff then calmly brought to Kaci's attention the difference in treatment of Plaintiff and those outside Plaintiff's protected class and highlighted the racial discrimination he was suffering at the hands of Defendant.

23. Consequently, Kaci berated and terminated Plaintiff.

24. The Plaintiff's termination was discriminatory and retaliatory for complaining of discrimination.

25. The Plaintiff suffered discrimination based on his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

26. Specifically, the Plaintiff was held to higher standard and treated less favorably than the Caucasian employees on the same team.

27. When the Plaintiff complained of the discrimination the Plaintiff was fired.

28. Plaintiff's race was the direct and indirect cause of the harassment and disparate treatment.

29. Plaintiff can show that they engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his supervisor about the discrimination he was subjected to.

30. Plaintiff is able to show that he participated in protected activity under Title VII and that Defendant retaliated against him for doing so.

31. The Plaintiff has been subjected to racial discrimination and a hostile work environment, and retaliated against, which are violations of the Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

32. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

34. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal race discrimination in violation of 42 U.S.C. Section 1981.

35. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

36. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

37. Plaintiff demands this count be tried by a jury.

## COUNT II
**Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

38. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on their race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

40. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

41. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

42. By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

43. Plaintiff demands that this count be tried by a jury.

## COUNT III
### Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.

44. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

45. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

47. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

48. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled

to all legal and equitable remedies under Title VII.

49. Plaintiff demands that this count be tried by a jury.

## JURY TRIAL DEMAND

50. The Plaintiff request trial by jury for issue so triable.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Damages sufficient to compensate Plaintiff for his injuries;

b. Back Pay;

c. Emotional Distress Damages;

d. Pre-judgment and post-judgment interest;

e. Punitive damages;

f. Reasonable attorney's fees;

g. An award of litigation costs and expenses; and

h. Any and all other relief that this Honorable Court may deem just and equitable.

Dated this 27th day of April, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*